J-S20024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ALEXANDER SNYDER | : | |
| | : | |
| Appellant | : | No. 1267 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County
Criminal Division at CP-62-CR-0000425-2019

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                **FILED: July 8, 2022**

John Alexander Snyder (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault, strangulation, simple assault, terroristic threats, and hindering apprehension.[1] After careful review, we affirm.

The trial court summarized the facts leading to Appellant's convictions as follows:

> The victim … was arrested on a bench warrant on September 18, 2021.  At that time, she informed law enforcement that she was involved in a domestic incident with [Appellant].  [Appellant] was aware that the victim was a fugitive and was concealing her at his residence.  The victim indicated that [Appellant] grabbed her by her hair and dragged her through the residence, slamming her face into doors and walls and threatening to kill her.  He struck the victim in the face with his fist.  [Appellant] picked up a

---

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(1), 2718(a)(1), 2701(a)(1), 2706(a)(1), 5105(a)(1).

hammer and threated again to kill her. [Appellant] struck a table with the hammer and a piece of the table struck the victim in the neck, leaving a mark. [Appellant] then placed his hands around the victim's neck and applied pressure to the point she could not breathe. [Appellant] again threatened to kill the victim. [Appellant] concealed the victim in a hidden closet in his home while the police came to the home to investigate the reported assault.

Trial Court Opinion, 11/15/21, at 1-2. Police thereafter arrested Appellant.

A jury convicted Appellant of the aforementioned crimes. On September 24, 2021, the trial court sentenced Appellant to an aggregate prison term of 149-248 months.[2] With newly appointed counsel, Appellant filed a timely notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Whether the trial court erred when it admitted photos into evidence when they were not authenticated prior to trial." Appellant's Brief at 6.

Appellant challenges the trial court's admission of Commonwealth's Exhibits 1 through 4, which "allegedly depict injuries [the victim] suffered in an altercation with [Appellant] at his house in the early morning hours of September 13, 2019." *Id.* at 12. Citing no legal authority, Appellant asserts the victim's testimony "alone[,] as to photographs that another person took[,]

_____

[2] The trial court imposed consecutive prison terms of 81-108 months for aggravated assault; 81-108 months for strangulation; 9-18 months for terroristic threats; and 5-10 months for hindering apprehension or prosecution. Appellant's simple assault conviction merged at sentencing.

- 2 -

is not sufficient evidence to authenticate them." ***Id.*** at 13. According to Appellant, the victim could have sustained the depicted injuries "at any time from the date of the alleged incident to the date she was eventually apprehended by authorities and incarcerated[.]" ***Id.*** Appellant further argues the Commonwealth's delay in obtaining the photographs, caused by the victim's fugitive status, calls into question their authenticity. ***Id.*** at 14. Finally, Appellant challenges the Commonwealth's failure to meet with him prior to trial to resolve any evidentiary issues regarding the photographs. ***Id.***

Our standard of review concerning evidentiary rulings is well-established:

> [The a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Radecki***, 180 A.3d 441, 451 (Pa. Super. 2018) (citation omitted).

Initially, we determine whether Appellant preserved his challenge to the photographs admitted at trial. To preserve a claim for review, a defendant must make a timely and specific objection to the introduction of the challenged evidence. ***Commonwealth v. McGriff***, 160 A.3d 863, 866 (Pa. Super. 2017).

Although the Commonwealth had produced the photographs during discovery, Appellant preserved no objection to the photographic evidence through a motion *in limine*.[3] ***See McGriff***, 160 A.3d at 866 ("[A] motion *in limine* may preserve an objection for appeal without any need to renew the objection at trial, but only if the trial court clearly and definitively rules on the motion." (citation omitted)).  At trial, Appellant initially objected to the photographs as lacking a proper foundation.  N.T., 7/9/21, at 69-70.  The trial court ruled that the Commonwealth's foundation should include when the photographs were taken, "[w]ho took them, [and] what the circumstances were[.]" ***Id.*** at 70.

Accordingly, the victim testified regarding the photographs at Exhibits 2, 3 and 4:

> Andreau Foriska came to the jail and interviewed me and another officer came and took the pictures at the jail.  It was a forensic photographer that came to the jail I believe.  He was in uniform so, I mean, I believe him to be.

---

[3] Appellant cites no precedent requiring the Commonwealth to authenticate photographs **prior** to trial.  ***See*** Appellant's Brief at 14 (claiming the Commonwealth should have litigated the photographs' authenticity prior to trial).  Thus, we do not address this assertion. ***See Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa. Super. 2012) (reiterating failure to develop argument with citation to appropriate legal authority may constitute waiver of issue).

*Id.* The victim confirmed these exhibits fairly and accurately depicted her injuries from Appellant's assault. *Id.* at 73-74. The trial court admitted Commonwealth Exhibits 2, 3 and 4 **without objection**. *Id.* at 74-75.

With respect to Exhibit 1, the victim identified the photograph at Exhibit 1 as one she had taken the morning after the assault. *Id.* at 71. The victim explained she had taken "a picture and posted it on Facebook with a rather nasty remark as the headline about [Appellant.]" *Id.* The victim confirmed the photograph fairly and accurately depicted her injuries. *Id.* at 72. The trial court admitted Exhibit 1 **without objection**. *Id.* at 72-73.

By failing to object to Exhibits 1-4 at trial, Appellant failed to preserve any challenge to those exhibits on appeal. *See McGriff*, 160 A.3d at 866 ("it is well-settled that a party must make a timely and specific objection at trial, and the failure to do so results in waiver of that issue on appeal."); *see also* Pa.R.A.P. 302(a) (providing a claim cannot be raised for the first time on appeal). Appellant has waived his sole issue on appeal. *See McGriff*; Pa.R.A.P. 302(a).

Even if properly preserved, we would conclude Appellant's claim lacks merit. "[T]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). "Demonstrative evidence such as photographs … have long been permitted to be entered into evidence provided that the demonstrative evidence fairly and

- 5 -

accurately represents that which it purports to depict." ***Commonwealth v. McKellick***, 24 A.3d 982, 986-87 (Pa. Super. 2017).

At trial, the victim identified the approximate date for each photograph and the photographer. N.T., 7/9/21, at 70-71. The victim confirmed each photograph fairly and accurately depicted her injuries resulting from Appellant's assault. ***Id.*** at 71-75. We therefore discern no abuse of discretion by the trial court in admitting Exhibits 1-4. ***See*** Trial Court Opinion, 11/15/21, at 6 (deeming the photographs properly admitted where the victim testified they fairly and accurately depicted her injuries); ***McKellick***, 24 A.3d at 986-87. Accordingly, Appellant's claim would merit not relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  07/08/2022